UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| In Re: | Case Number 13-42058-MSH |
| Dennis Bernard | Chapter 7 |

**MOTION OF SPRINGLEAF FINANCE CORPORATION, IN TRUST FOR U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, FOR SPRINGLEAF MORTGAGE LOAN TRUST 2012-3, MORTGAGE BACKED NOTES SERIES, 2012-3 AND/OR ITS SUCCESSORS AND ASSIGNS FOR RELIEF FROM THE AUTOMATIC STAY**

Now comes Springleaf Finance Corporation, in Trust for U.S. Bank National Association, as Indenture Trustee, for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes Series, 2012-3 and/or its successors and assigns ("Secured Creditor") and hereby moves this Court pursuant to 11 U.S.C. § 362 and Fed. R. Bankr. R. 4001 for Relief from the Automatic Stay so as to permit it to enforce any and all applicable rights and remedies against Dennis Bernard (hereinafter referred to as the "Debtor") including, but not limited to, a foreclosure sale on certain mortgaged property which is located at *2 Progress Avenue, Dudley, MA 01571* (the "Property") and consists of a lot of land with residence thereon.

In support of this Motion, Secured Creditor states the following:

1.    The Debtor's Chapter 7 Petition was filed on August 12, 2013.  Pursuant to the Debtor's Statement of Intention, the Property is to be surrendered.

2.    The Property is encumbered by a first mortgage given by the Debtor and non-debtor and co-mortgagor, Julie A. Bernard to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for Wilmington Finance, a Division of AIG Federal Savings Bank (the "Mortgage").  Said Mortgage is dated July 21, 2005 and is recorded at Worcester County (Worcester District) Registry of Deeds in Book 36890, Page 344.  A copy of the Mortgage is attached hereto and is marked <u>Exhibit A</u>.  Secured Creditor is the current holder of the Mortgage.

3.    Said Mortgage secures a promissory note given by the Debtor and non-debtor and co-mortgagor, Julie A. Bernard to Wilmington Finance, a Division of AIG Federal Savings Bank in the original principal amount of $255,000.00 (the "Note").  Secured Creditor or its custodian and/or agent is, as of the date hereof, in possession of the Note.  Secured Creditor is an entity entitled to enforce the Note.  A copy of the Note is attached hereto and is marked <u>Exhibit B</u>.

4.    As stated above, the Mortgage was originally given to Mortgage Electronic Registration Systems, Inc. acting solely as a nominee for Wilmington Finance, a Division of AIG Federal Savings Bank and was

thereafter assigned to MorEquity, Inc. A copy of said assignment is attached hereto as <u>Exhibit C</u>. The Mortgage was then further assigned from MorEquity, Inc. to Springleaf Finance Corporation, in Trust for U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes Series 2012-3. A copy of said assignment is attached hereto as <u>Exhibit D</u>. Nationstar Mortgage LLC is the current servicer of this loan on behalf of Secured Creditor.

5. The amount owed on the Mortgage is approximately $254,360.08 including principal, interest (through October 4, 2013), late fees, and attorney fees and costs. The monthly payments are currently $1,438.56 and this Mortgage is now in arrears for failure to pay principal and interest. Mortgage payments are presently due for August 1, 2013 through and including October 1, 2013.

6. Upon information and belief, a Declaration of Homestead has been recorded with respect to this property. Said Homestead was recorded at Worcester County (Worcester District) Registry of Deeds in Book 30995, Page 40.

7. Upon information and belief, the Property is subject to the following encumbrances:

| Lien Holder | Type of Lien | Amount Owed | Priority |
|---|---|---|---|
| Secured Creditor | 1st Mortgage | $254,360.08 | n/a |
| Green Tree Servicing LLC | Junior Mortgage | $26,964.00 | No |

Total: $281,324.08

8. According to the Debtor's Schedules, the fair market value of the property is $154,907.00. For purposes of this Motion only, it is Secured Creditor's opinion that the liquidation value of the premises is $144,410.34 calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($702.24); and anticipated closing costs incurred for a real estate closing ($500.00).

9. Secured Creditor believes that the Debtor has no equity in the property based on the amount currently due Secured Creditor and others as described above totaling approximately $281,324.08 and the liquidation value of the Property.

10. There is no other collateral securing Debtor's obligation to Secured Creditor.

11. This Motion is brought for cause under 11 U.S.C. § 362 given that, among other things, any protection Secured Creditor may have is quickly eroding, there is no equity in the Property and the Property is not necessary to an effective reorganization. Accordingly, Secured Creditor requests that this Court grant relief from the automatic stay in order to proceed with its applicable rights and remedies,

09-056003 / BK01

including but not limited to a foreclosure sale on the premises and an eviction proceeding should Secured Creditor, or its successor in interest, become the successful bidder at a foreclosure sale.

12.  Secured Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement.  Secured Creditor also requests that it be allowed to contact the Debtor via telephone or written correspondence to offer such an agreement.  Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

**WHEREFORE**, Secured Creditor respectfully requests that the Court:

(1) Grant Secured Creditor and its successors and/or assigns relief from the 11 U.S.C. § 362 automatic stay for the purpose of exercising its various non-bankruptcy rights and remedies including and without limitation:

   a. Taking possession of the Property, obtaining a deed-in-lieu of foreclosure and/or foreclosing the Mortgage at issue; and
   b. Taking such action as may be necessary to evict the Debtor and/or any occupant from the Property.

(2) Waive the fourteen-day stay of relief pursuant to Federal Bankruptcy Rule 4001(a)(3); and

(3) Order such further relief as this Court deems just and proper.

In accordance with Local Rules, Secured Creditor requests that this Motion be allowed without a hearing unless an objection is timely filed.

Dated:  November 6, 2013

        Respectfully submitted,
        Springleaf Finance Corporation, in Trust for U.S. Bank National Association, as Indenture Trustee, for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes Series, 2012-3
        By its attorney,

        /s/ Marcus Pratt
        Marcus Pratt, Esquire
        BBO #684610
        Korde & Associates, P.C.

321 Billerica Road, Suite 210
Chelmsford, MA 01824-4100
Tel: (978) 256-1500
bankruptcy@kordeassoc.com

09-056003 / BK01

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| In Re:<br>Dennis Bernard | Case Number 13-42058-MSH<br>Chapter 7 |
|---|---|

**ORDER ON THE MOTION OF SPRINGLEAF FINANCE CORPORATION, IN TRUST FOR U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, FOR SPRINGLEAF MORTGAGE LOAN TRUST 2012-3, MORTGAGE BACKED NOTES SERIES, 2012-3 AND/OR ITS SUCCESSORS AND ASSIGNS FOR RELIEF FROM THE AUTOMATIC STAY**

At Worcester in said District, on the _____ day of _____, 2013, on the Motion of Springleaf Finance Corporation, in Trust for U.S. Bank National Association, as Indenture Trustee, for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes Series, 2012-3 and/or its successors and assigns ("Secured Creditor") after notice to all parties on the Secured Creditor's Certificate of Service, it is hereby

ORDERED AND DECREED:

1. Secured Creditor is granted Relief from the Automatic Stay imposed pursuant to 11 USC 362(a) on the filing of the Petition for Relief.

2. Secured Creditor and any successor in interest is permitted to proceed forward to pursue its rights and remedies under state and/or federal law, including but not limited to a foreclosure of the mortgage it holds on real estate located at *2 Progress Avenue, Dudley, MA 01571*, which mortgage is dated July 21, 2005 and recorded at Worcester County (Worcester District) Registry of Deeds in Book 36890, Page 344. A copy of such mortgage was attached to the Motion for Relief at issue. Further, Secured Creditor is authorized to proceed with its eviction rights in accordance within applicable law with respect to such Property should Secured Creditor, or its successor in interest, become the successful bidder at a foreclosure sale.

3. Secured Creditor and/or its successors, assigns, and servicer may, at its option offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Secured Creditor may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

_____
Honorable Judge Hoffman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| In Re: | Case Number 13-42058-MSH |
| Dennis Bernard | Chapter 7 |

**CERTIFICATE OF SERVICE**

  I, Marcus Pratt, Attorney for **Springleaf Finance Corporation, in Trust for U.S. Bank National Association, as Indenture Trustee, for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes Series, 2012-3 and/or its successors and assigns** hereby certify that on November 6, 2013 I electronically filed the foregoing *Motion for Relief and Proposed Order* with the United States Bankruptcy Court for the District of MA using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:

Richard King, U.S. Trustee
John A. Burdick, Trustee
Robert W. Kovacs, Jr., Esquire

  I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

Dennis Bernard
2 Progress Avenue
Dudley, MA 01571

Julie A. Bernard
2 Progress Avenue
Dudley, MA 01571

Jodi-Lyn Kwiecinski
2 Progress Avenue
Dudley, MA 01571

Tax Collector:
Town of Dudley, MA
71 W. Main Street
Dudley, MA 01571

Green Tree Servicing LLC
332 Minnesota St., Ste. 610
Saint Paul, MN 55101

          /s/ Marcus Pratt
          Marcus Pratt, Esquire
          BBO #684610
          Korde & Associates, P.C.
          321 Billerica Road, Suite 210
          Chelmsford, MA 01824-4100
          Tel: (978) 256-1500
          bankruptcy@kordeassoc.com